Good morning, Your Honor. Good morning. Saad Ahmed, the Petitioner. You've heard the warm-up for the prior case. Thank you. Your Honor, as the government just mentioned, as well as the previous Petitioner mentioned, when determining whether an offense can be classified as a sexual abuse of a minor, this Court utilizes the ordinary, contemporary, and the common meaning of the term. Essentially, as Your Honor mentioned in the previous case, what the BIA is saying in this case is that it is per se sexual abuse of a minor if someone has sex with someone – with a female who's under the age of 18. Well, that's clearly not true because such conduct is permitted in almost every state under certain circumstances. And as I mentioned in my brief, that in 36 out of 50 states, it's perfectly legal to have sex with someone who's under the age of 18. For example, in Hawaii, that is part of this Court's jurisdiction, it is perfectly legal for a 21-year-old man to have sex with a girl who's 16 or 17. However, the same conduct, if done in California, will subject someone to permanent banishment from the United States, meaning permanent banishment. I don't believe that Congress intended such inequity in the administration of immigration laws. I believe that the purpose of immigration laws is that there are – Counsel, counsel, help me on the inequity part and the national uniformity part. It used to be that things that were seriously criminal, that you would really get arrested for and go to jail for, in all the rest of the country, there were some that you could do in Nevada. And doesn't speak badly for the rest of the country, doesn't speak badly for Nevada, it just speaks well for federalism. If you – moral, law-abiding people wouldn't do them in the rest of the country, and they do them in Nevada. Why can't it be moral turpitude to do – to commit a crime even though it's legal elsewhere? Just before you answer the question, Stephanie, would you start the clock, please? Do you need a glass of water? I know, Your Honor. Thank you. We've got a spare one here if you need it. All right. Go ahead and answer the question. And it worked other ways, too. I remember when I took the bar in Massachusetts, a contract was void or voidable if it was signed on a Sunday. Nowhere else in the country. That's federalism. Now, that wasn't a crime, but a lot of the Nevada things were. I don't understand why the moral turpitude isn't deciding to commit a felonious act or deciding to commit a felony as opposed to the moral turpitude being in the nature of the felony that you choose to commit. Your Honor, because of the inherent unfairness of this law, what we are talking about is a permanent banishment of a longtime permanent resident of this country. What we are talking about is a person who commits an act that would permanently banish him from this country. I don't believe that the purpose Congress enacted the sexual abuse of a minor aggravated felony charge was that the law would be applied so differently. There has to be uniformity, because in the absence of uniformity, it's going to produce absurd results, meaning that those states that choose to punish or excuse me, those states where that have age of majority as under the age of 18, the people in those states will be subject to much harsher immigration consequences. Why is it unjust results to have these variations? There are a lot of differences in what states require and prohibit according to local conditions. Your Honor. Like Alaska requires bush pilots to carry a gun. Probably it's prohibited in most places. Your Honor, in this case, the court here has already rejected the same sort of arguments in aggravated felony drug cases, where in Cotteris, this court said that it would make no sense to punish certain people more harshly for drug offenses just because the state chooses to punish them more harshly. And so uniformity argument, Your Honor, I believe in the Tenth Amendment federalism argument that you have raised. However, there is no rational basis for treating similarly situated aliens so differently based on how a state chooses to punish certain individuals. As I mentioned, Your Honor, it would produce absurd results for a couple of reasons. One of the canons of statutory interpretation is that a statute should be interpreted in such a manner as to avoid absurd results in real life. In this case, I'll give you an example, for example. A couple in Hawaii, a 21-year-old man and a 17-year-old girl in Hawaii, who, with the permission of their parents, are living in Hawaii and who travel to California, can be punished. The 21-year-old man, the one who did not break any state law in Hawaii, would be punished in California for violating statutory rape laws. So, Your Honor, I don't believe that it's going to produce the kind of results that we're looking for in protecting minors from sexual abuse. That's one of the purposes, is to protect minors from sexual predators. And I don't believe that the congressional purpose will be well-served with this kind of a law. And, Your Honor, uniformity is one of the most fundamental elements of immigration laws. This Court has repeatedly said it. In fact, this Court has said that uniformity is, you know, is based on the supremacy clause of the U.S. Constitution, meaning that immigration laws should be applied in such a way that there is no inequities in its application, that it's applied uniformly throughout the country. And this Court has recently also said that the same law that the Petitioner violated is not a crime of violence in Valencia case, because it's not a crime of violence, because the government offered absolutely no evidence or offers any studies that shows that for someone to have sex with a female under the age of 18 would cause her harm or there's any studies that shows that it causes irreparable damage to the female. So Your Honor, I believe that this uniformity argument as applicable to aggravated felony offenses for sexual abuse of a minor is overly broad as used by the Board. I believe that the Board's application of this law is so broad it will produce absurd results and it would cause a lot of problems in the uniform application of immigration laws. Roberts. I think we have your argument in hand. Why don't you save some time for rebuttal? Yes, Your Honor. Thank you. Mr. Molina. May it please the Court. Back so soon. It's good to be back before the Court. I haven't seen you for a while. Again, I'm Ernie Molina for the government. In this case, the Court has to deal with 261.5c of the California Penal Code. This is an offense of sexual intercourse with a person under the age of 18. Now, this is now a much more interesting question in light of the Court's recent Lopez-Solis decision, but the government's position is that this remains a case governed by the decision in a treaty where the Court indicated that the Board of Immigration Appeals is entitled to deference in the interpretation of sexual abuse of a minor. It should be emphasized that this Court explained in its Casares v. Ashcroft case in discussing uniformity why particular deference is owed to the Board of Immigration Appeals in this type of a context, precisely because of the need for uniformity. Indeed, the Court there explained that there could be a different definition of a particular offense in the aggravated felony statute that this Court would apply in the criminal context itself, but because of the national uniformity requirement, the Board of Immigration Appeals is entitled to take a different  Because of that, the jurors' prudence in this case is that the Board of Immigration That's a real tough one to tell, Your Honor. It's sort of striking in terms of the question. But don't we have a real conflict between these two cases in their fundamental theory? There's no real conflict because you have to look at the substance of the Afridi decision, and I'll explain why there's no real conflict in this particular case. In the Afridi decision, the Court looked at what the Board did and found that every definition the Board used was the appropriate definition. In fact, the exact same definitions that were used by the same this Court in United States v. Barone Medina. And the Court said that so there's no problem with this interpretation. It comports with the Court's own case law. So that for that reason, the Court said this is a rational decision. This is a permissible decision. Now we get to Lopez. And Lopez drew certain lines and understood that it was dealing with a Tennessee statute. And this is going to be very important for this case. It was dealing with a Tennessee statute that encompassed acts not amounting to sexual intercourse. And the Court there said the conduct there is not necessarily abusive because there's not necessarily risk of an injury to the person either physically or  It's a conduct that is not actually sexual intercourse. So how do you, on the facts of this case, I mean, if you leave Afridi aside, you've got a pretty hard sell that this constitutes abuse, don't you? Oh, no, Your Honor. It's actually quite clear under this Court's precedent. This Court has always said that sex with underage persons is a, is, but I mean, it's I understand what you're talking about, applying the statute. But you've got, here you have a married couple. You know, they're now married. They were having consensual sex with the approval of their parents, right? Allegedly. Yes. So it's hard to say that that's a, what we would think of in the common, commonly think of as abuse. This Court addressed that specific issue in United States v. Asprey and said that's irrelevant for the consideration because in the case of a married couple, it is not an illegal act. Therefore, that's well outside the scope of what's happening. What has happened is that the State of California has made a judgment, building into the statute, an exception for married couples, that if you are going to engage in sexual, actual sexual intercourse with a child under the age of 18, that leads to harm. Because of that, this Court shows in its Ruiz-Morales case, that's entitled to, that's one of the most important considerations is what the legislature there considers it. In other cases, such as, I'm sorry, I don't know where you're about to, okay, I'm sorry. For that reason, this Court's decision in Asprey and cases since Barone Medina, which have all said that sexual intercourse with a child is, becomes problematic, all stand for the proposition that this cannot, that under the terms of the generic understanding of the, well, not generic, under the common meaning of sexual abuse of a minor, sexual intercourse with a child, I'm sorry, Your Honor, were you about to ask something? Yes, I do have a question. It's along the same lines of concern that Judge Thomas has raised with you. We all, I think we all follow the logic that it's a minor and it's sex, and if the statute says it's abuse, it's abuse. However, we also all live in the world, and we know plenty of 16 and 17-year-old girls are sexually active by their own choice, and it's often called Victorian. I don't think it's actually good history, but it's often called Victorian to suggest that, oh, no, that can't be so, and it's sexual abuse. So what we have, basically, is a kind of common knowledge about the world that says, with a girl that age, especially in a situation like this, but even without a situation like this, it's not necessarily abusive, and we also have a formalistic analysis from the So we have somewhat inconsistent or at least strained distinctions in the opinions because of the tension between what we know about the world and a logical analysis of the statutes, and I think we're all still troubled about it. So why don't you address it? Well, Your Honor, because we're talking about what society considers abusive to a minor, there will always be points of difference in that regard. Look, the statutes prohibited all kinds of sexual conduct for maybe 50 years after nobody thought there was really anything the matter with it. Every now and then some prosecutor prosecutes somebody for fornication or something of that nature, and it gets national headlines because it's so contrary to public mores. Exactly, Your Honor, but something the Court should keep in mind in this case, and actually let me answer your question before I get to that point. Yes, there's always a tension between when does society reach that threshold of what is abusive to a minor? Perhaps some states want it to go one way, perhaps certain states want it to go another way. We see Congress defining it at 18 U.S.C. 3509 as sexual abuse of a minor involving this type of behavior for someone under the age of 18. It becomes very difficult to address all of that, but because of those difficulties, bearing in mind the intent of Congress in establishing the aggravated felony statute, determining who desirable folks are and who aren't desirable folks, it should be Congress's intent that is paramount. Here Congress has not limited, has not defined what a minor is for this statute. Well, let's say that a state decided to define a minor as somebody under the age of 40. Do you think that we'd have the same result here of where you had such an absurd definition of minor that was so out of step with the other states? Oh, Your Honor, the government has not suggested that the definition of minor can be set by the states. It's the common, ordinary meaning of minor, that generally, almost without variation, minor, if someone's referred to as a minor, as this Court has explained, means somebody not of the age of majority, somebody not possessed of all the legal rights that the society has to offer. That's somebody under the age of 18. So the case is ---- That was 21 when I started practice, except in Alaska where it was 19. Yes, Your Honor, and that ---- So sex with a 20-year-old? That may change over time. It obviously has changed over time. No, but, I mean, that gets back to the point. Are you suggesting that we just defer blindly to all the states? It was 21, it was 18. A state could have the power to set the age of majority for all legal rights in a state at 35. But that's why this Court looks to the common, ordinary meaning. If ---- let's imagine a world where ---- But what's the common, ordinary meaning of the word abuse? Well, this Court has looked at that several times. In fact, looking to the Palleras ---- let's look at just the decision in Palleras-Galan. There the Court defined sexual abuse as, looking at Black's Law, illegal sexual acts performed against a minor by a parent, guardian, relative, or acquaintance. This case falls under that in all respects. It looked to Webster's, misuse, also to use or to treat as to injure, hurt, or damage, to commit indecent assault on, the act of violating sexually, and rape or indecent assault not amounting to rape. This is clearly, as Californians define it, the misuse of a minor. This is not an appropriate use, which is what misuse means. So the Court should look to plain terms. And that's all the government is suggesting. Congress, in not limiting this to a Federal statute, which it could have, it could have made reference to 18 U.S.C. 2243 or 44. It could have referred to 3509, but didn't. It wanted this to be expansive. And that's the point of the Board of Immigration Appeals. This, it was in Congress's intent. They wanted to remove aliens who decide to violate laws in the United States that amount to sexual abuse of a minor under the common, ordinary terms of that definition. Kennedy. Do we have the ability to look at the facts of this case under the categorical approach and the modified categorical approach to determine whether or not this involves misuse to use or treat so as to injure, hurt, or damage, to commit indecent assault on? Thank you, Your Honor. You brought me to something I forgot, the point I was going to get to with Judge Kleinfeld, but didn't get back to. Let's look at what this gentleman was convicted of. He was convicted of unlawful sexual intercourse with a person under 18, under 261.5C. He was convicted of sodomy of a minor, which is defined as sexual conduct consisting of contact between the penis of one person and the anus of another person. He was convicted of oral copulation, which is defined as the act of copulating the mouth of one person to the sexual organs or anus of another. He was also convicted of forcible acts of sexual penetration, which sexual penetration is defined as the act of causing the penetration, however slight, of the genital or anal openings with something other than the sexual organs of another person, and for an object is defined as any substance, instrument, foreign object or device. One of those falls under the definition of misusing a minor, Your Honor. Easily forcible acts of sexual penetration, easily oral copulation, easily sodomy even if 261.5C were conceded as not falling under the general definition. There's still all the other problems that California has let out, and those are not limited to concerns about pregnancy. Those are concerns about the appropriate use of minors. What conduct is appropriate when one is dealing with somebody under the age of 18? Again, California has spoken. It falls under the general definition of sexual abuse of a minor. Therefore, in this case, the Court has multiple reasons. I'm sorry, Your Honor. I guess since we're all wearing black robes, we're all supposed to be really shocked by that catalog of sexual acts. We're not all from Alaska. I mean, what if she asks him to do that? The word use means I do this to you and you don't want me to do this to you. I'm doing it for my own gratification. What if she asks him to do that and he does that? Actually, the Supreme Court has looked at that in the word use in LAICAL and just means to intentionally put it into use for yourself. And so, yes, if you use the minor that way, California says that's not an appropriate use. Therefore, it is a misuse. I'll leave Your Honor's comment alone. I can't add to it. But certainly, those statutes have no relationship to concerns about pregnancy. They are purely, in their nature, concerns about how people under 17 are to be treated, and they're not to be treated in any of those ways. Now, I see that I'm well out of time, but I'm here at the Court's disposal. If there are no further questions? I don't think so. Well, I thank the Court for its time. It's been a pleasure. Thank you. Thank you. Any time for a vote? Your Honors, since Congress has not expressly defined what sexual abuse of a minor is, the BIA's definition is entitled to deference only if it's reasonable and permissible. And I believe, and we believe, that in this case, it's not reasonable. In Polaris Gallon, the case that the government just spoke about, it defines sexual abuse. It defines injure, hurt, and damage. However, AFRIDI does not define it. It says it's per se sexual abuse of a minor if the girl is under the age of 18. And, you know, all the acts that the government just described are perfectly legal in almost all states. In fact, they are illegal in California because the female was under the age of 18. Thank you. Thank you, Counsel. The case that's heard will be submitted.
judges: Kleinfeld, Thomas, Leighton